

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                    Opinion No. O-4135

                    Re: Can paregoric be sold legally
                        in Texas at the present time
                        except by a druggist on pre-
                        scription?

        This is in reply to your letter of October 16, 1941,
which we quote:

        "I respectfully request your opinion as
    to whether or not paregoric can be sold at
    the present time except by prescription from
    a druggist.

        "It is our interpretation that House
    Bill 440, Section 1-a, prohibits the sale of
    any medicinal preparation (which would include
    paregoric) except codeine without a prescrip-
    tion until September 1, 1943."

        The statute to which you refer is Senate Bill No. 70,
Acts of the Regular Session, 47th Legislature, amending House
Bill No. 440, Acts of the Regular Session, 45th Legislature
(1937). Said House Bill No. 440 is now codified as Article
725b, Vernon's Penal Code. Said article is the Uniform Narcotic
Drug Act, a long and comprehensive statute, providing in part
as follows:

        Section 1, subdivision (12): "'Opium' in-
    cludes morphine, codeine, and heroin, and any
    compound, manufacture, salt, derivative, mix-
    ture, or preparation of opium, but does not
    include apomorphine or any of its salts."

Section 1, subdivision (14):  "'Narcotic drugs' means coca leaves, opium, pyote, mescal bean, and cannabis, and every substance neither chemically nor physically distinguishable from them."

Section 2:  "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug."

Section 2A:  "It shall not be unlawful to manufacture, possess, have, control, sell, prescribe, administer, dispense, or compound any narcotic drug where same is authorized under the terms of this Act."

Section 6, subdivision (1):  "An apothecary, in good faith, may sell and dispense narcotic drugs to any person upon a written prescription of a physician, dentist, or veterinarian, dated and signed by the person prescribing on the second day after the same is issued and bearing the full name and address of the patient for whom, or of the owner of the animal for which, the drug is dispensed, and the full name, address, and registry number under the Federal Narcotic Laws of the person prescribing, if he is required by those laws to be so registered. If the prescription be for an animal, it shall state the species of animal for which the drug is prescribed. The person filling the prescription shall write the date of filling and his own signature on the face of the prescription. The prescription shall be retained on file by the proprietor of the pharmacy in which it is filled for a period of two (?) years, so as to be readily accessible for inspection by any public officer or employee engaged in the enforcement of this Act. The prescription shall not be refilled."

Section 9:  "* * *.  Provided, however, any one can purchase one (1) ounce of paregoric for medical purposes without a prescription.  As amended Acts 1941, 47th Leg., S.B. #70, § ?."

There are other sales of narcotics authorized by the Act, not necessary to be pointed out here (for instance, authorized sales by licensed wholesalers).

Section 1 of said Senate Bill No. 70, cited above,

which became effective October 2, 1941, amends Section 8 of Article 725b to read as follows:

"Sec. 8. Except as otherwise in this Act specifically provided, this Act shall not apply to the following cases:

"Administering, dispensing, or selling at retail of any medicinal preparation that contains in one (1) fluid ounce, or if a solid or semi-solid preparation, in one (1) avoirdupois ounce, not more than one (1) grain of codeine or of any of its salts.

The exemption authorized by this Section shall be subject to the following conditions:  (1) That the medicinal preparation administered, dispensed, or sold, shall contain in addition to the narcotic drug in it, some drug or drugs conferring upon it medicinal qualities other than those possessed by the narcotic drug alone; and (2) that such preparation shall be administered, dispensed, and sold in good faith as a medicine, and not for the purpose of evading the provisions of this Act.

"Nothing in this section shall be construed to limit the kind and quantity of any narcotic drug that may be prescribed, administered, dispensed, or sold, to any person or for the use of any person or animal, when it is prescribed, administered, dispensed, or sold, in compliance with the general provisions of this Act."

Section 1-a of said Senate Bill No. 70 is as follows:

"Section 1-a.  On and after September 1, 1943, Section 1 of Senate Bill No. 70, Regular Session, 47th Legislature, is repealed, and in lieu thereof this Section 1-a shall prevail and be in lieu thereof.  And on and after September 1, 1943, Section 8 of House Bill No. 440, Regular

Session, 45th Legislature, Acts of 1937, Chapter 169, as amended by Senate Bill No. 70, Regular Session, 47th Legislature, be and the same is hereby further amended so as to read as follows on and after September 1, 1943:

"'Section 8. (Preparations Exempted). Except as otherwise in this Act specifically provided, this Act shall not apply to the following cases:

"'(1) Prescribing, administering, dispensing, or selling at retail of any medicinal preparation that contains in one (1) fluid ounce, or if a solid or semi-solid preparation, in one (1) avoirdupois ounce, (a) not more than two (2) grains of opium, (b) not more than one-quarter (1/4) of a grain of morphine or of any of its salts, (c) not more than one (1) grain of codeine or of any of its salts, (d) not more than one-eighth (1/8) of a grain of heroin or of any of its salts, (e) not more than one-half (1/2) of a grain of extract of cannabis nor more than one-half (1/2) of a grain of any more potent derivative or preparation of cannabis, (f) and not more than one (1) of the drugs named above in clauses (a), (b), (c), (d), and (e).

"'(2) Prescribing, administering, dispensing, or selling at retail of liniments, ointments, and other preparations, that are susceptible of external use only and that contain narcotic drugs in such combinations as prevent their being readily extracted from such liniments, ointments, or preparations, except that this Act shall apply to all liniments, ointments, and other preparations, that contain coca leaves in any quantity or combination.

"'The exemptions authorized by this Section shall be subject to the following conditions:

"'(a) No person shall prescribe, administer, dispense, or sell under the exemptions of this

Section, to any one person, or for the use of any one person or animal, any preparation or preparations included within this Section, when he knows, or can by reasonable diligence ascertain, that such prescribing, administering, dispensing, or selling will provide the person to whom or for whose use, or the owner of the animal for the use of which such preparation is prescribed, administered, dispensed, or sold, within any forty-eight (48) consecutive hours, with more than four (4) grains of opium, or more than one-half (1/2) grain of morphine or of any of its salts, or more than two (2) grains of codeine or of any of its salts, or more than one-quarter (1/4) of a grain of heroin or of any of its salts, or more than one (1) grain of extract of cannabis or one (1) grain of any more potent derivative of or preparation of cannabis, or will provide such person or the owner of such animal, within forty-eight (48) consecutive hours, with more than one preparation exempted by this Section from the operation of this Act.

"'(b)  The medicinal preparation, or the liniment, ointment, or other preparation susceptible of external use only, prescribed, administered, dispensed, or sold, shall contain, in addition to the narcotic drug in it, some drug or drugs conferring upon it medicinal qualities other than those possessed by the narcotic drug alone.  Such preparation shall be prescribed, administered, dispensed, and sold in good faith as a medicine, and not for the purpose of evading the provisions of this Act.

"'Nothing in this Section shall be construed to limit the kind and quantity of any narcotic drug that may be prescribed, administered, dispensed, or sold, to any person or for the use of any person or animal, when it is prescribed, administered, dispensed, or sold, in compliance with the general provisions of this Act.'"

618

From a study of the quoted sections of the statute, it will be seen that Section 2 of the Act is the principal prohibiting section thereof, and Section 8, both as it reads now and as it will read after September 1, 1943, is an exempting, rather than a prohibiting, provision, except as to subdivision (a) thereof, which will merely place a further limitation on the exception therein provided.

Section 2 prohibits the sale of any narcotic drug. It therefore becomes necessary for us to determine whether paregoric is a narcotic drug within the definitions of the Act.

The Americana Encyclopedia defines it as follows: "Paregoric (Greek --- soothing) an opiate, the camphorated tincture of opium. It is composed of opium, benzoic acid, camphor, oil of anise, honey and dilute alcohol. Every fluid ounce contains two grains each of the opium, acid and camphor and two minims of oil of anise." Stedman's "Practical Medical Dictionary" (11th Ed., 1930) gives this formula for paregoric: "Tinctura opii camphorata: opium 4, benzoic acid 4, camphor 4, oil of anise 4, glycerine 40, diluted alcohol to make 1000." The United States Pharmacopoeia (11th Revision, June 1, 1936) prescribes the following formula for paregoric:

"Camphorated Tincture of Opium yields, from each 100 c c, not less than 0.035 gram and not more than 0.045 gram of anhydrous morphine.

| "Tincture of Opium | 40cc |
| Oil of Anise | 4cc |
| Benzoic Acid | 4gm |
| Camphor | 4gm |
| To make | 1000cc." |

We are informed by the State Health Department that this formula contains not more than two grains of opium to the fluid ounce, and that the other drugs in paregoric confer upon it medicinal qualities other than those possessed by the opium alone.

It is therefore our opinion that the sale of <u>not more than one ounce</u> of paregoric for medical purposes without a prescription is permitted by Section 9 of Article 725b, Vernon's Penal Code, as amended, but that the sale of <u>more</u> than one ounce of paregoric does not at the present time come within the exemption of Section 8 of Article 725b, Vernon's Penal Code, and that its sale is prohibited by Section 2 of said Article, but

that it may lawfully be sold by a druggist on prescription in compliance with the provisions of Section 6 of said Article. It is our further opinion that paregoric is within the exemptions of Section 1-a, Senate Bill No. 70, 47th Legislature, Regular Session, amending Section 8 of said Article 725b, effective September 1, 1943.

We call to your attention, however, the fact that a medicine labeled "paregoric" may, by reason of evaporation or for other reason, contain more than two grains of opium in one fluid ounce, and thus be without the exemption provided in Section 1-a of Senate Bill No. 70. In the final analysis, whether it is sold in good faith as a medicine, etc., and whether it contains more than two grains of opium per fluid ounce, must be determined as a matter of fact in each instance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. R. Allen
Assistant

WRA:RS

